UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL SALAS,<br><br>    Plaintiff,<br><br>v.<br><br>K. ALLISON, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00669-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT CERTAIN CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF NOS. 1 & 15)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

      Rafael Salas ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action.

      Plaintiff filed the complaint commencing this action on April 16, 2021. (ECF No. 1). The Court screened Plaintiff's complaint. (ECF No. 15). The Court found that only the following claims should proceed past the screening stage: Plaintiff's Fourteenth Amendment due process claim against defendants Thomas, Cortez, and Pfeiffer; Plaintiff's First Amendment Free Exercise Claim against defendants Thomas, Cortez, and Pfeiffer; and Plaintiff's RLUIPA claim against defendants Thomas, Cortez, and Pfeiffer in their official capacities. (Id.).

      The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint; b. Notify the Court in writing that he does not want to file an amended complaint and instead wants to proceed only on his Fourteenth Amendment due process claim against defendants Thomas, Cortez, and Pfeiffer; his First Amendment Free Exercise Claim against defendants

1

Thomas, Cortez, and Pfeiffer; and his RLUIPA claim against defendants Thomas, Cortez, and Pfeiffer in their official capacities; or c. Notify the Court in writing that he wants to stand on his complaint." (Id. at 18). On July 2, 2021, Plaintiff notified the Court that he wants to proceed only on the claims found cognizable in the screening order. (ECF No. 16).[1]

Accordingly, for the reasons set forth in the Court's screening order that was entered on June 11, 2021 (ECF No. 15), and because Plaintiff has notified the Court that he wants to proceed only on the claims found cognizable in the screening order (ECF No. 16), it is HEREBY RECOMMENDED that all claims and defendants be dismissed, except for Plaintiff's Fourteenth Amendment due process claim against defendants Thomas, Cortez, and Pfeiffer; his First Amendment Free Exercise Claim against defendants Thomas, Cortez, and Pfeiffer; and his RLUIPA claim against defendants Thomas, Cortez, and Pfeiffer in their official capacities.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 7, 2021**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] In Plaintiff's notice, Plaintiff states that he "reserves" the right to amend his complaint, in case he uncovers evidence during discovery that shows that additional defendants are liable. (ECF No. 16, p. 1). The Court notes that Plaintiff cannot "reserve" the leave to amend that the Court previously granted. If Plaintiff receives additional evidence during discovery that implicates other prison officials, he may file a motion for leave to amend, along with a proposed amended complaint.