UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL SALAS,<br><br>        Plaintiff,<br><br>   v.<br><br>C. PFEIFFER, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00669-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) BE GRANTED IN PART AND DENIED IN PART<br><br>(ECF No. 36)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

## I.    INTRODUCTION

Rafael Salas ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action. This case proceeds on Plaintiff's Fourteenth Amendment due process claim against defendants Thomas, Cortez, and Pfeiffer; Plaintiff's First Amendment Free Exercise Claim against defendants Thomas, Cortez, and Pfeiffer; and Plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim against defendants Thomas, Cortez, and Pfeiffer in their official capacities. (ECF Nos. 1, 20, & 28).[1] The core of Plaintiff's complaint is that Defendants are not properly processing his marriage request, which is preventing Plaintiff from getting married.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On September 16, 2021, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 29). Defendants asked the Court to dismiss the entire case, or at a minimum, to "dismiss Salas's individual-capacity claims and request for damages." (Id. at 16). On November 29, 2021, the Court issued findings and recommendations, recommending that this motion to dismiss be denied. (ECF No. 35). These findings and recommendations are pending before District Judge Dale A. Drozd.

On December 20, 2021, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 36). According to Defendants, "the California Department of Corrections and Rehabilitation has approved Salas's application to marry Heather Tower. Accordingly, Salas's demand for non-monetary relief is now moot."[2] (Id. at 5). On January 13, 2022, Plaintiff filed his opposition. (ECF No. 39). On January 21, 2022, Defendants filed their reply. (ECF No. 40).

Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is now before this Court. For the reasons that follow, the Court will recommend that Defendants' request to dismiss Plaintiff's request for injunctive relief be denied and that Plaintiff's request for declaratory relief be dismissed.

**II.    MOTION TO DISMISS**

    a.    <u>Defendants' Motion</u>

On December 20, 2021, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 36).

According to Defendants, in his complaint, Plaintiff "demanded that the Court provide him with 'an ORDER where Plaintiff is given authorization to marry his Fiancée HEATHER E. TOWER.'" (Id. at 8) (quoting Plaintiff's Complaint, ECF No. 1, p. 3). After this lawsuit was filed, Plaintiff submitted a second application to marry Heather Tower, and that application was approved on December 6, 2021. (Id. at 6). Additionally, Plaintiff "does not need any further

---

[2] Plaintiff has stated that Heather Tower has changed her name to Heather Salas. However, as the motion to dismiss and Plaintiff's complaint refer to Heather Tower, at this time the Court will refer to Heather Salas as "Tower."

2

1 approvals from prison staff to marry Tower." (Id. at 7).

2 Based on this, Defendants argue that Plaintiff's request for an injunction is now moot.
3 Additionally, Plaintiff's "request for a declaratory judgment [stating that CDCR must approve
4 his marriage application] is similarly moot because nothing would be gained from having the
5 Court declare that CDCR should approve a request it has already approved." (Id. at 6 & 9).

6 Defendants argue that dismissal of Plaintiff's requests for non-monetary relief is
7 appropriate because the Court's duty to dismiss moot claims is mandatory; because this would
8 leave only requests for monetary relief, which are subject to the defense of qualified immunity;
9 and because this would narrow the scope of the case, "which would facilitate settlement
10 discussions between the parties." (Id. at 10).

11      b. Plaintiff's Opposition

12 Plaintiff filed his opposition on January 13, 2022. (ECF No. 39).

13 Plaintiff argues that Defendants could have raised their arguments previously, but did
14 not do so. (Id. at 2).

15 Plaintiff also argues that his request is not moot. (Id.). Plaintiff "seeks 'an Order where
16 Mr. SALAS receives authorization to marry his bashert HEATHER E. TOWER, … and [that]
17 ensure[s] the marriage ceremony is performed within a reasonable set-ordered time frame.'"
18 (ECF No. 39, p. 2) (quoting Plaintiff's Complaint, ECF No. 1, p. 13). However, "no reasonable
19 time frame has been set." (Id. at 2). Accordingly, Plaintiff's request is not moot, and will not
20 be moot until Plaintiff and Tower are married. (Id. at 3).

21 Additionally, Plaintiff argues that the approval of his marriage application was invalid
22 because it was not signed by the associate Warden, which is required by CDCR policy. (Id. at
23 6).

24 Plaintiff also argues that Defendants' "voluntary cessation of illegal conduct does not
25 deprive the Court of power to hear and determine this case." (Id. at 2).

26 Finally, Plaintiff argues that the motion should be denied because of Defendants'
27 \\\
28 \\\

3

misconduct.  (Id. at 7).[3]

## III. LEGAL STANDARDS FOR MOTIONS TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

"Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)."  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

"If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."  Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 521 (9th Cir. 1999).  See also Flast v. Cohen, 392 U.S. 83, 95, 88 S. Ct. 1942, 1950, 20 L. Ed. 2d 947 (1968) ("[N]o justiciable controversy is presented … when the question sought to be adjudicated has been mooted by subsequent developments.").

In determining whether a request for declaratory relief has become moot, the Supreme Court has held that, "basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, *of sufficient immediacy and reality to warrant the issuance of a declaratory judgment*."  Preiser v. Newkirk, 422 U.S. 395, 402 (emphasis in original) (citation and internal quotation marks omitted).

When a party makes a factual attack[4] on subject-matter jurisdiction, "the district court is not confined by the facts contained in the four corners of the complaint—it may consider [other] facts and need *not* assume the truthfulness of the complaint."  Americopters, LLC v. F.A.A., 441 F.3d 726, 732 n. 4 (9th Cir. 2006) (emphasis in original); see also White, 227 F.3d

---

[3] Plaintiff also includes arguments that are not relevant to the resolution of this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), such as arguments relating to the merits of his claims and arguments relating to the credibility of Marriage Coordinator Becerra, who provided the declaration stating that Plaintiff's marriage request has now been approved.  The Court will not address these arguments.

[4] "A Rule 12(b)(1) jurisdictional attack may be facial or factual.  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted).

at 1242 ("With a factual Rule 12(b)(1) attack … a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiffs' allegations.") (citation omitted).

### IV.     ANALYSIS

The Court finds that Defendants' motion should be granted in part and denied in part.

As to Defendants' request to dismiss Plaintiff's request for injunctive relief, it is based on the argument that Plaintiff's request is moot because he received the relief he was seeking. (ECF No. 36, p. 8).  However, Plaintiff disputes that he received all the relief that he is seeking. In his complaint, Plaintiff asked for "an ORDER where Mr. SALAS receives authorization to marry his bashert HEATHER E. TOWER, who has met the criteria, and ensures the marriage ceremony is performed within a reasonable set-ordered time frame." (ECF No. 1, p. 13).[5] Even assuming that Plaintiff has received approval to marry Tower, and that the approval is valid, based on the facts currently before the Court, Plaintiff has not yet been allowed to marry Tower, and no marriage ceremony has been set.  As Plaintiff also requested a court order to ensure that he is allowed to marry Tower within a reasonable time frame, Plaintiff has not received all the relief he is seeking.

In their reply, Defendants note that Plaintiff asks for the marriage ceremony to be performed within a reasonable time frame, and argue that "[t]he Court should decline Salas's invitation to micromanage when Salas's marriage ceremony will occur." (ECF No. 40, p. 3). In support of this argument, Defendants cite to 18 U.S.C. § 3626(a)(1)(A), which states: "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The

---

[5] On page three of his complaint, Plaintiff only asks for authorization to marry Tower.  (ECF No. 1, p. 3). However, on page thirteen, he also asks for the marriage ceremony be performed within a reasonable time frame. (Id. at 13).

5

court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief."

However, Defendants did not make this argument in their motion to dismiss, and the Court need not address new arguments raised in the reply brief. Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Moreover, Defendants' motion was filed pursuant to Federal Rule of Civil Procedure (b)(1), which is used for asserting the defense of lack of subject-matter jurisdiction. However, Defendants have not cited to any cases suggesting that the Court lacks subject-matter jurisdiction over Plaintiff's request for the marriage ceremony to occur within a reasonable time frame. Thus, this argument is unpersuasive in any event.

Plaintiff also argues that he has not actually received any relief because the approval of his marriage application was not valid due to the fact that it was not signed by the Associate Warden, which is required by CDCR policy. (ECF No. 39, p. 6). According to Defendants' evidence, a marriage coordinator approved Plaintiff's marriage application. (ECF No. 36-1, pgs. 1 & 2). In support of his argument that this approval was not valid, Plaintiff attaches excerpts from a supplement to the Department of Operations Manual ("DOM Supplement"). In a section titled "Associate Warden," the DOM Supplement states that "The AWBS is the Warden's designee and shall approve or disapprove the marriage application. The application for marriage is not valid until the AWBS approves it by his/her signature." (Id. at 29). Defendants do not address this argument or dispute the authenticity of the DOM Supplement. Thus, there appears to be a dispute about whether Defendants have provided the approval sought in plaintiff's complaint.

As Plaintiff has not indisputably received all the relief he is seeking, Plaintiff's request for injunctive relief is not moot. Accordingly, the Court will recommend that the request to dismiss Plaintiff's request for injunctive relief be denied.

As to Defendants' request to dismiss Plaintiff's request for declaratory relief, the Court will recommend that this request be granted and that Plaintiff's request for declaratory relief be dismissed. First, Plaintiff does not specify what declaratory relief he is seeking in his

6

complaint.  Second, Plaintiff's request for a declaratory judgment is unnecessary.  "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of Lakewood Vill., Cal., 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. State of Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated.  Additionally, if Plaintiff prevails on his claim for injunctive relief under the Religious Land Use and Institutionalized Persons Act, that will be a finding that Defendants failed to comply with the Religious Land Use and Institutionalized Persons Act.  Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.[6]

Plaintiff's general arguments as to why Defendants' motion to dismiss should be denied are not persuasive.  Given that Plaintiff's marriage application was allegedly approved on December 6, 2021, Defendants could not have argued that the approval mooted his claims for injunctive and declaratory relief in their motion to dismiss filed on September 16, 2021. Additionally, the Court will not deny the motion to dismiss based on Plaintiff's allegations of Defendants' misconduct.

Accordingly, based on the foregoing, the Court will recommend that Defendants' request to dismiss Plaintiff's request for injunctive relief be denied and that Defendants' request to dismiss Plaintiff's request for declaratory relief be granted.

**V.    RECOMMENDATIONS**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure

---

[6] In the motion currently before the Court, Defendants ask the Court to dismiss Plaintiff's request for injunctive relief, and Defendants previously asked the Court to dismiss Plaintiff's claims for money damages. However, the Court has recommended that both requests be denied.

12(b)(1) be granted in part and denied in part;

2. Defendants' request to dismiss Plaintiff's request for injunctive relief be denied; and

3. Plaintiff's request for declaratory relief be dismissed.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 24, 2022**                          /s/ Erica P. Grosjean
                                                                         UNITED STATES MAGISTRATE JUDGE

8