UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL SALAS,<br><br>             Plaintiff,<br><br>     v.<br><br>C. PFEIFFER, et al.,<br><br>             Defendants. | No.  1:21-cv-00669-DAD-EPG (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND REFERRING THE PENDING MOTION TO DISMISS BACK TO THE MAGISTRATE JUDGE<br><br>(Doc. No. 29, 35) |

     Plaintiff Rafael Salas is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On September 16, 2021, defendants filed a motion to dismiss in this action.  (Doc. No. 29.)  On November 29, 2021, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion to dismiss be denied.  (Doc. No. 35 at 13.)

     The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days of service.  (*Id.*)  On December 20, 2021, defendants filed objections.  (Doc. No. 37.)  Plaintiff did not file

1  objections or respond to defendants' objections.  In their objections, defendants make two
2  arguments.  First, defendants argue that the magistrate judge erred in reasoning that "qualified
3  immunity does not apply in cases in which the plaintiff seeks both monetary and non-monetary
4  relief." (Doc. No. 37 at 5.)  Second, defendants argue that the magistrate judge erred in
5  concluding that "Defendants had a Constitutionally-required obligation to help Salas challenge
6  prison administrators' rulings on two of Salas' prison grievances." (*Id.* at 8.)  Defendants contend
7  that "42 U.S.C. § 1983 does not provide for a cause of action merely because a prison official is
8  allegedly rude, unhelpful, or unprofessional." (*Id.* at 9.)

9       As to defendants' first argument, the court agrees that plaintiff seeks both injunctive relief
10 and monetary damages. (*See* Doc. No. 1 at 3.)  Accordingly, although defendants are not entitled
11 to qualified immunity with regard to any injunctive relief claims, they might be entitled to
12 qualified immunity with regard to plaintiff's claims for damages.  *See Clement v. Cal. Dept. of*
13 *Corrs.*, 220 F. Supp. 2d 1098, 1114 (N.D. Cal. 2002) (Noting that the availability of qualified
14 immunity is limited to actions seeking *damages* against a government official in his individual
15 capacity, but is not available when the only relief sought is injunctive).  As such, the court will
16 decline to adopt to findings and recommendations at this time, referring defendants' motion to
17 dismiss (Doc. No. 29) back to the assigned magistrate for consideration of defendants' qualified
18 immunity arguments as to plaintiff's claims seeking the award of damages.

19      As to defendants' second argument, the court does not find defendants' contentions to be
20 persuasive.  In the findings and recommendations (Doc. No. 35) and the prior screening order in
21 this case (Doc. No. 15), the assigned magistrate judge did not conclude that plaintiff's § 1983
22 claim was based solely on the allegation of rude or unhelpful acts by defendants.  Rather, the
23 magistrate judge concluded that—as alleged—defendants' actions in not assisting plaintiff with
24 his marriage application could potentially lead to a denial of plaintiff's due process right to marry.
25 (*See id.* at 10) ("Plaintiff alleged that his marriage application was denied because he was
26 married, that he is not actually married, that he told at least some of the defendants that he is not
27 actually married, and that they are still preventing him from getting married.").  Nevertheless, in
28 order to avoid confusion with respect to the pending motion to dismiss, the court will not adopt

that aspect of the findings and recommendations at this time but will do so upon receipt of the subsequent findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including defendants' objections, the undersigned declines to adopt the pending findings and recommendations as they pertain to defendants' qualified immunity arguments, without evaluating or reaching any determination as to the analysis therein, at this time.  Instead, out of an abundance of caution, the pending motion to dismiss (Doc. No. 29) will be referred back to the magistrate judge for further consideration in light of defendants' objections for reissuance of findings and recommendations.

Accordingly,

1. The court declines to adopt the findings and recommendations issued on November 29, 2021 (Doc. No. 35); and
2. Defendants' motion to dismiss (Doc. No. 29) is referred back to the assigned magistrate judge for the issuance of findings and recommendations in light of the objections filed by defendants and for further proceedings.

IT IS SO ORDERED.

Dated: **April 6, 2022**                                  _Dale A. Drozd_
                                                            UNITED STATES DISTRICT JUDGE