UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL SALAS,<br><br>        Plaintiff,<br><br>    v.<br><br>C. PFEIFFER, et al.,<br><br>        Defendants. | No. 1:21-cv-00669-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 29, 45) |

      Plaintiff Rafael Salas is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On September 16, 2021, defendants filed a motion to dismiss in this action. (Doc. No. 29.) On November 29, 2021, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion to dismiss be denied. (Doc. No. 35 at 13.) On April 7, 2022, the undersigned issued an order declining to adopt those findings and recommendations. (Doc. No. 43.) In particular, the undersigned referred the motion to dismiss back to the assigned magistrate judge "for consideration of defendants' qualified immunity arguments as to plaintiff's claims seeking the award of damages." (*Id.* at 2.) On April 19, 2022,

1

the assigned magistrate judge reissued findings and recommendations, once again recommending that defendants' motion to dismiss be denied.  (Doc. No. 45 at 17.)  The parties were provided with an opportunity to file objections to the pending findings and recommendations.  Defendants filed objections on April 29, 2022.  (Doc. No. 47.)  Plaintiff did not object to the pending findings and recommendations, nor did he respond to defendants' objections.

In their motion to dismiss, defendants argued that qualified immunity should apply in this case because there is no established requirement in law that prison officials allow a prisoner to marry when there is conflicting documentation suggesting that the prisoner is already married.  (Doc. No. 29 at 8–15.)  In the pending findings and recommendations, the assigned magistrate judge concluded that, in making their qualified immunity argument, defendants failed to address the factual allegations in plaintiff's complaint and "this case is not proceeding based on allegations that Defendants forbade Plaintiff from getting married because there was conflicting information about his marital status."  (Doc. No. 45 at 15.)  Rather, plaintiff "alleges that prisoner officials denied a request to get married based on the lack of a document they knew did not exist, and because Plaintiff's fiancée was white."  (*Id.*)  The findings and recommendations went on to note that it is clearly established law that inmates have the right to marry.  (*Id.*) (quoting *Turney v. Safley*, 482 U.S. 78, 95 (1987)).  Accordingly, the assigned magistrate judge concluded that defendants are not entitled to dismissal on qualified immunity grounds on the basis of the allegations contained in plaintiff's complaint.  (*Id.* at 17.)

In their objections to the pending findings and recommendations, defendants argue that this case is about "whether an inmate has a Constitutional right to have prison staff assist him in challenging an adverse decision on a prison grievance."  (Doc. No. 47 at 2.)  However, the focus of this case appears to in fact be on allegedly unconstitutional barriers being placed on plaintiff's right to marry.  Specifically, plaintiff has alleged that he was told he needed to produce proof that he was not already married in order to proceed, but that such a document does not exist.  (Doc. No. 15 at 11.)  This claim asserted by plaintiff therefore has nothing to do with a right to receive assistance.  Moreover, plaintiff has alleged that the prison employee responsible for helping inmates go through the process of getting married refused to provide this service to plaintiff based

on the race of plaintiff's fiancée.  (*Id.*)  While these allegations could be construed as focusing on the right to assistance from prison staff, the assigned magistrate judge's focus in the pending findings and recommendations was on the alleged barriers being placed by defendants on plaintiff in his attempts to exercise his right to marriage.  (Doc. No. 45 at 16.)  The court therefore finds defendants' objections to be unpersuasive.  For the reasons correctly and thoroughly listed in the pending findings and recommendations, unconstitutional interference with an inmate's right to marry is not protected by qualified immunity.  (*Id.*)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including defendants' objections, the undersigned will adopt the pending findings and recommendations.

Accordingly,

1. The findings and recommendations issued on April 19, 2022 (Doc. No. 45) are adopted;
2. Defendants' motion to dismiss (Doc. No. 29) is denied; and
3. This action is referred back to the assigned magistrate judge.

IT IS SO ORDERED.

Dated:  **July 8, 2022**

UNITED STATES DISTRICT JUDGE

3