UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL SALAS,<br><br>                                        Plaintiff,<br><br>       v.<br><br>C. PFEIFFER, et al.,<br><br>                                      Defendants. | Case No. 1:21-cv-00669-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY AND GRANTING PLAINTIFF EXTENSION OF TIME TO FILE SCHEDULING AND DISCOVERY STATEMENT<br><br>(ECF No. 64) |

      Rafael Salas ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action. On August 15, 2022, Plaintiff filed a motion to stay the proceedings. (ECF No. 64). According to his pending motions for an order under the All Writs Act, Plaintiff alleges that defendant Pfeiffer's agent purposefully mailed out all of his legal documents pertaining to this case, including documentary evidence that Plaintiff compiled during the past two years. Accordingly, Plaintiff is unable to describe, identify, and categorize all documents he may use at trial. Moreover, Plaintiff is unable to file a motion for summary judgment or to oppose summary judgment because he does not have these documents. Plaintiff does not wish to have his legal documents mailed back to him using the regular mail process, because his confidential material will be exposed and his mail will be delayed due to inspections.

      The Court will deny Plaintiff's motion. In his scheduling and discovery statement, Plaintiff is not required to list each individual document he intends to use at trial. Instead, Plaintiff only

needs to provide "[a] description by category and location." (ECF No. 58, p. 1).  Moreover, if Plaintiff does not currently know of a category of documents that he will want to use at trial, once he learns of the additional documents that he may use, he may file an amended discovery and scheduling statement.  The fact that Plaintiff does not currently have possession of all the documents at this time is not a sufficient reason to stay this case.

As to his argument regarding not being able to file a motion for summary judgment or oppose Defendants' motion for summary judgment, the Court has not yet set a dispositive motion deadline, and the dispositive motion deadline will be set approximately nine months from the date the Court issues the scheduling order.  Thus, Plaintiff will have ample opportunity to gather evidence in this case and file a dispositive motion and/or file an opposition to Defendants' dispositive motion.  Moreover, Plaintiff's pending motions for an order under the All Writs Act should be resolved prior to the dispositive motion deadline.[1]

While the Court is denying Plaintiff's motion to stay, the Court will extend Plaintiff's deadline to file his scheduling and discovery statement.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to stay is denied; and
2. Plaintiff has thirty days from the date of service of this order to file his scheduling and discovery statement.

IT IS SO ORDERED.

Dated:   **August 17, 2022**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Plaintiff admits that he can have his documents mailed back to him.  While Plaintiff complains about exposure of his confidential material, Plaintiff does not include any allegations suggesting that any of the documents relevant to this case are confidential.  Plaintiff also complains about delay in mail processing, but even if there is a delay, Plaintiff will have over nine months before the dispositive motion deadline.  Moreover, Plaintiff may file motion(s) to extend the deadlines the Court will set in the scheduling order.