UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL SALAS,<br><br>        Plaintiff,<br><br>    v.<br><br>C. PFEIFFER, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00669-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR AN ORDER UNDER THE ALL WRITS ACT BE DENIED<br><br>(ECF Nos. 49 & 52)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF COPY OF DOCKET SHEET |

    Rafael Salas ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action. This case proceeds on Plaintiff's Fourteenth Amendment due process claim against defendants Thomas, Cortez, and Pfeiffer; Plaintiff's First Amendment Free Exercise Claim against defendants Thomas, Cortez, and Pfeiffer; and Plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim against defendants Thomas, Cortez, and Pfeiffer in their official capacities. (ECF Nos. 1, 20, & 28)

    On June 3, 2022, Plaintiff filed what the Court construes as a motion for an order under the All Writs Act. (ECF No. 49). On June 16, 2022, Plaintiff filed an updated motion, which includes a request for sanctions. (ECF No. 52).[1] On June 20, 2022, Defendants filed an

---

[1] In his reply to Defendants' second opposition, Plaintiff asks the Court to "consolidate" his first and second motions. (ECF No. 61, p. 3). Given that Plaintiff's second motion is an updated version of the first, the Court will

1

1  opposition to Plaintiff's first motion.  (ECF No. 53).  On July 6, 2022, Defendants filed an

2  opposition to Plaintiff's updated motion.  (ECF No. 54).  On July 8, 2022, Plaintiff filed a reply to

3  Defendants' first opposition.  (ECF No. 56).  On July 22, 2022, Defendants filed a notice of

4  recent authority.  (ECF No. 60).  On July 25, 2022, Plaintiff filed a reply to Defendants'

5  opposition to his updated motion.  (ECF No. 61).  On August 8, 2022, Plaintiff filed a reply to

6  Defendants' notice of recent authority.  (ECF No. 63).

7      Plaintiff's motions are now before the Court.  For the reasons described below, the Court

8  will recommend that Plaintiff's motions be denied.

## I.  PLAINTIFF'S MOTIONS

10      Plaintiff filed his first motion for an order under the All Writs Act on June 3, 2022.  (ECF

11  No. 49).  Plaintiff filed his updated motion for an order under the All Writs Act, as well as a

12  request for sanctions, on June 16, 2022.  (ECF No. 52).

13      Plaintiff alleges that on May 28, 2022, Plaintiff boxed up his personal and legal property

14  because he was being transferred.  (Id. at 1).  All of his appliances, including his typewriter, were

15  in good working condition.  (Id.).

16      Officer Castillo, defendant Pfeiffer's subordinate officer and agent, spoke to Plaintiff

17  about his property, even though officer Castillo was not responsible for the transportation of

18  Plaintiff's property.  (Id. at 1-2).  Officer Castillo told Plaintiff to split his boxes because each box

19  should not exceed 30 pounds.  (Id. at 2).  Plaintiff began splitting his legal property in half

20  without examining what case files/documents he was separating.  (Id.).  Plaintiff believes that his

21  legal documents were specifically targeted, because his non-legal property weighed just as much

22  but was not called into question.  (Id.).  Officer Castillo is aware of Plaintiff's legal activities.

23  (Id.).

24      Plaintiff informed Officer Castillo that he has three pending cases, and that he is in

25  compliance with the California Code and Regulations in regard to his legal property.  (Id. at 4-5).

26  Moreover, even if Plaintiff had excess legal property, it should have been stored by the California

---

27  grant this request in that it will consider the additional information in the second motion, including the additional
28  facts, additional arguments, and the change in the relief requested.  Additionally, the Court will issue one order on the
motions.

2

Department of Corrections and Rehabilitation.  (Id.at 5).  Officer Castillo responded rudely and refused to verify what Plaintiff told him.  (Id. at 5-6).

Plaintiff also spoke to Sergeant Veight.  Sergeant Veight told him that an audit was done, and that Plaintiff only has one open case.  Sergeant Veight ignored Plaintiff's attempts to show her that he has three active cases.  (Id. at 6).

After further conversation with Officer Castillo, Officer Castillo told Plaintiff that he would allow Plaintiff to keep his legal documents.  (Id. at 7).

However, upon arrival at Ironwood State Prison on June 1, 2022, Plaintiff opened the box that contained his typewriter and noticed that all of the keys and springs were completely off. (Id.).  After further inspection, Plaintiff found that every document from this case was missing, except for this Court's ruling on the motion to dismiss filed on December 20, 2021, and all of Defendants' motions.  (Id. at 8).  Documents related to other cases, and cases he intends to file, were missing as well.  (Id. at 8-9).

Plaintiff argues that the actions of Officer Castillo and Sergeant Veight infringed on Plaintiff's ability to properly prosecute this action and other actions.  (Id. at 9).

Plaintiff further alleges that his sister received two boxes that contain documents, but as Plaintiff cannot examine them, he is unable to determine whether she received all of his missing documents or if some were destroyed.  (Id. at 10).

Plaintiff argues that while his sister can mail documents back to him, his sister is not authorized to mail back thirty pounds of documents without a court order.  (Id.).  Thus, Plaintiff asks for a Court order that would facilitate the return of the box filled with his legal documents. (Id.).

Plaintiff also asks the Court to review and consider Officer Castillo's body camera footage.  (Id. at 11).  Finally, Plaintiff asks the Court to sanction Officer Castillo.  (Id. 12).

## II. DEFENDANTS' OPPOSITIONS

On June 20, 2022, Defendants filed their opposition to Plaintiff's original motion.  (ECF No. 53).  On July 6, 2022, Defendants filed their opposition to Plaintiff's updated motion.  (ECF No. 54).

Defendants argue that Plaintiff's motions should be denied for three reasons. (Id.). First, Plaintiff did not submit any evidence that anyone took or destroyed his legal papers. (Id. at 1).

Second, Plaintiff "cannot establish that he has suffered any prejudice in this case. Even if Salas had lost some of his legal papers relating to this case—and Defendants do not concede that he has—Salas has not demonstrated any irreparable harm. Defendants are willing to provide Salas with courtesy copies of any of the pleadings from this case, and Defendants are now producing to Salas copies of documents that are potentially relevant to the case. Should Salas wish to obtain copies of any non-privileged documents that are relevant to the case, Defendants will search for and provide those to him (if they can be found)." (Id. at 2).

Finally, Defendants argue that "an injunction in which the Court would micromanage how Salas can receive prison mail [] is not warranted." (Id.). One reason that an injunction is not necessary is because, while it may require multiple envelopes, Plaintiff's sister can mail his legal documents back to him. (Id.).

Defendants also argue that Plaintiff's "motion makes a number of accusations that the concurrently-lodged body camera footage demonstrates are either misleading or outright false. For example, Salas contends that he asked Castillo if his bodycam was on, and that Castillo responded 'don't fuckin' tell me how to do my job, don't worry about it.' Nowhere in the bodycam footage does Castillo say that, however." (Id. at 5-6) (citation omitted).

### III.   PLAINTIFF'S REPLIES

On July 8, 2022, Plaintiff filed his reply to Defendants' first opposition. (ECF No. 56). On July 25, 2022, Plaintiff filed his reply to Defendants' second opposition. (ECF No. 61).

Plaintiff alleges that only one box was supposed to be sent home, and he authorized one box to be sent home, but "defendants" secretly sent two boxes home without Plaintiff's consent. (ECF No. 61, p. 1).

Plaintiff also argues that it would be improper and a conflict of interest to rely on Defendants to provide relevant documents. (Id. at 2). Plaintiff further argues that Defendants know that "it would be much more effective to have plaintiff's sister mail back the second box which weighs close to 30 pounds…." (Id.). Additionally, Plaintiff argues that it would take too

1  much of the Court's time if he is required to have his legal documents mailed back to him one
2  envelope at a time.  (Id.).

3  Finally, Plaintiff alleges that the documents sent by Defendants with their opposition do
4  not remedy the issue.  (Id. at 3).

## IV.  LEGAL STANDARDS

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice."  United States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action."  Hammler v. Haas, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019).  See also Mitchell v. Haviland, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); Lopez v. Cook, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel).  However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear."  Brown v. Gilmore, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

## V.  ANALYSIS

The Court recommends denying Plaintiff's motions.  "[I]njunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," Brown, 533 U.S. at 1303 (citation and internal quotation marks omitted), and Plaintiff has failed to show

that such circumstances exist here.

First, Plaintiff provides almost no specifics regarding the documents that he had to mail home, and he does not sufficiently explain how not possessing those documents will impede his ability to litigate this action.

Second, at least some of the documents Plaintiff is seeking are not related to this case. Not having possession of these unrelated documents does not impede Plaintiff's ability to litigate this case.

Third, Defendants have offered to provide certain documents to Plaintiff. While Plaintiff does not appear to trust Defendants' offer, the Court notes that defense counsel is an officer of the Court. Additionally, the Court will direct the Clerk of Court to send Plaintiff a copy of the docket sheet, so that Plaintiff can identify relevant documents to request from Defendants.

Fourth, Plaintiff admits that he can have relevant documents mailed back to him. While Plaintiff complains about the inconvenience, Plaintiff fails to explain why this is not a feasible option, especially in light of the fact that Defendants are willing to send Plaintiff relevant documents as well.

As Plaintiff has failed to show that this is a critical and exigent circumstances, and as injunctive relief under the All Writs Act is to be used sparingly, the Court will recommend that Plaintiff's motions be denied.

As to Plaintiff's request for sanctions, the Court will also recommend that it be denied. Plaintiff alleges that Officer Castillo is defendant Pfeiffer's agent, and it does appear that Officer Castillo works at the prison where defendant Pfeiffer is the Warden. However, there is no evidence that defendant Pfeiffer, or any other defendant, had any involvement in sending Plaintiff's legal property home or having it sent home. Additionally, Plaintiff has not cited to any case law, nor is the Court aware of any, allowing the Court to sanction a non-defendant in a situation such as this. Finally, the Court will not refer the matter to the United States Department of Justice. If Plaintiff believes that Officer Castillo and/or other non-defendants violated his constitutional or other rights, Plaintiff may file a separate action against them.

\\\

## VI. RECOMMENDATION AND ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motions for an order under the All Writs Act (ECF Nos. 49 & 52) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to send Plaintiff a copy of the docket sheet.

IT IS SO ORDERED.

Dated: **November 23, 2022**            /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

7