1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAFAEL SALAS,                              No. 1:21-cv-00669-KES-EPG (PC)

12                   Plaintiff,                 ORDER ADOPTING FINDINGS AND
                                                RECOMMENDATIONS
13           v.
                                                Docs. 75, 87, 95, 96
14   C. PFEIFFER, et al.,

15                   Defendants.

16

17

18          Plaintiff Rafael Salas is a state prisoner proceeding pro se in this civil rights action filed

19   pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge

20   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21          On December 12, 2022, defendants moved for summary judgment on all plaintiff's

22   claims.  Doc. 75.  On September 26, 2023, the assigned magistrate judge entered findings and

23   recommendations recommending that defendants' motion for summary judgment be granted in

24   part and denied in part.  Doc. 87.  Specifically, the findings and recommendations recommended

25   that defendants' motion for summary judgment as to plaintiff's request for injunctive relief,

26   including his RLUIPA claim against defendants Thomas, Cortez, and Pfeiffer in their official

27   capacities, be granted.  *Id.* at 23.  The findings and recommendations recommended that

28   defendants' motion for summary judgment be denied in all other respects and that, therefore, this

case should proceed on plaintiff's Fourteenth Amendment due process claim and plaintiff's First Amendment free exercise claim against defendants Thomas, Cortez, and Pfieffer. *Id.* The findings and recommendations were served on the parties and contained notice that any objections thereto must be filed within fourteen days. *Id.* Defendants filed objections on October 4, 2023. Doc. 88.

In their objections, defendants contend that the magistrate judge erred in the findings and recommendations by (1) finding plaintiff could not have obtained a declaratory judgment from state court that he had never been married to Flores; (2) relying on a finding that defendants did not present any evidence that they would have accepted a court document that indicated that Salas was not married to Flores; (3) failing to consider defendant's legitimate concerns regarding how allowing Salas to marry Tower could have affected Flores if Salas and Flores were indeed married; and (4) concluding that defendants are not entitled to qualified immunity. Doc. 88 at 14.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of the case. Having carefully reviewed the file, the Court concludes the findings and recommendations are supported by the record and proper analysis.

First, defendants claim that Salas could have obtained a declaratory judgment that he has never been married to Flores pursuant to section 1060 of the California Code of Civil Procedure. Doc. 88 at 8–9. That statute provides that "[a]ny person interested . . . under a contract, who desires a declaration of his or her rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question or construction or validity arising under the . . . contract." Cal. Civ. Proc. Code § 1060. As a preliminary issue, defendants raised this argument for the first time, briefly, only in their reply brief in support of their summary judgment motion, before raising it more fully in their objections to the magistrate judge's findings and recommendations.[1] Given that plaintiffs failed to assert this argument in their motion for

---

[1] In their motion for summary judgment, defendants did not raise the argument that plaintiff could have obtained such declaratory relief; rather, they argued that plaintiff could have initiated a

1    summary judgment, the Court need not address it.  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir.

2    2007) (district court need not consider arguments raised first time in reply brief); *Brown v. Roe*,

3    279 F.3d 742, 745–46 (9th Cir. 2002) (district court has discretion, but is not required, to consider

4    arguments presented for first time in objections to findings and recommendations, especially

5    where such new arguments are proffered by a represented party rather than a pro se litigant).

6         In any event, defendants fail to establish that plaintiff could have obtained such a

7    declaratory judgment.  "Declaratory relief under [section] 1060 requires an actual controversy

8    between the parties [to the contract]."  *See Lakatos v. RLI Corp.*, 736 F. Supp. 3d 796 (C.D. Cal.

9    2024) (citing Cal. Civ. Proc. Code § 1060; then citing *Connerly v. Schwarzenegger*, 146 Cal.

10   App. 4th 739, 752, 53 Cal. Rptr. 3d 203 (2007) ("A court may not grant declaratory relief in the

11   absence of an actual controversy between adversarial parties.")).  Neither party contends that

12   there is any dispute *between Salas and Flores* in which Salas and Flores seek to adjudicate their

13   rights with respect to a purported contract between them.  Indeed, Salas asserts the two never

14   married and that there never was any marriage contract between them as to which a court could

15   determine the validity.

16        The magistrate judge also properly addressed and dismissed defendants' contention that

17   plaintiff could have initiated annulment proceedings to obtain a court order indicating that he was

18   not married to Flores.  Doc. 87 at 13.  Defendant's objections do not undermine the magistrate

19   judge's conclusion that an annulment action does not appear to be appropriate in this situation.

20   Doc. 88 at 9–10.  That is, an annulment action is appropriate "where there has been a marriage,"

21   but the marriage is "voidable so as to be adjudged a nullity for various reasons, including where a

22   party is underage, a party was of unsound mind, or there was fraud," which is not the case here.

23   Doc. 87 at 13.  Defendants have not established that a party could pursue an annulment action in

24   state court where the party's position is that no purported marriage ever occurred at all, yet that is

25   what defendants claimed in their motion that Salas should have done.

26   ───────────────────────────────

27   proceeding for an annulment pursuant to section 2010 of the California Family Code to prove he
     was not married.  *See generally* Doc. 75.  In their reply brief, defendants briefly asserted for the
     first time that plaintiff "could have obtained a court declaratory judgment order," but did not cite

28   to Cal. Civ. Proc. Code § 1060.  Doc. 86 at 3, 5.

1      Defendants further contend that the magistrate judge erred in not adequately considering

2  the concerns defendants raised in their briefing about the potential effect on Flores of allowing

3  Salas to marry Tower, if Flores had in fact been married to Salas.  Doc. 88 at 13–14.  However, as

4  the magistrate judge correctly noted, the third *Turner* factor concerns the "impact accommodation

5  of the asserted constitutional right will have on guards and other inmates, and on the allocation of

6  prison resources generally," not the entirely hypothetical impact on a third party who has made no

7  such claim of prejudice.  *See* Doc. 87 at 15.  To the extent defendants argue that the magistrate

8  judge should have considered the impact on Flores as a legitimate governmental interest,

9  defendants fail to explain how that should affect the conclusion of the findings and

10  recommendations.  There is no question that the state has a valid interest in preventing bigamy for

11  a variety of reasons—which likely includes that a person engaging in various marriages would

12  affect the others involved in those marriages.  However, as the findings and recommendations

13  note, plaintiff does not bring a facial challenge to the regulation or assert that the government

14  does not have such a valid interest generally; plaintiff brings only an as-applied challenge to how

15  the regulations have been applied to plaintiff and his circumstances.

16      Finally, defendants object that the findings and recommendations erred in concluding that

17  they are not entitled to qualified immunity.  Doc. 88 at 14–18.  Specifically, defendants contend

18  that precedent does not clearly establish that their actions were unlawful.  *Id.* at 10.  Defendants'

19  argument is unpersuasive, as clearly established law prohibits each element of defendants' alleged

20  conduct and makes the unlawfulness of the overall behavior apparent.

21      As the findings and recommendations also note, "[t]he doctrine of qualified immunity

22  protects government officials from liability for civil damages insofar as their conduct does not

23  violate clearly established statutory or constitutional rights of which a reasonable person would

24  have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotation omitted).  The qualified

25  immunity inquiry involves two questions: "(1) whether the facts, taken in the light most favorable

26  to the non-moving party, show that the officials' conduct violated a constitutional right, and (2)

27  whether the law at the time of the challenged conduct clearly established that the conduct was

28  unlawful."  *Felarca v. Birgeneau*, 891 F.3d 809, 815 (9th Cir. 2018).  An official may be denied

1  qualified immunity only if "the clearly established right [violated is] defined with specificity.

2  . . . An officer cannot be said to have violated a clearly established right unless the right's

3  contours were sufficiently definite that any reasonable official in the defendant's shoes would

4  have understood that he was violating it." *City of Escondido v. Emmons*, 586 U.S. 38, 42–43

5  (2019).

6       It need not be shown "that the very action at issue [has] been held unlawful before

7  qualified immunity is shed.  On the contrary, [officials] can still be on notice that their conduct

8  violates established law even in novel factual circumstances." *Blankenhorn v. City of Orange*,

9  485 F.3d 463, 481 (9th Cir. 2007) (citations omitted).  "It is enough 'if in the light of pre-existing

10  law the unlawfulness [is] apparent.'" *Inouye v. Kemna,* 504 F.3d 705, 715 (9th Cir. 2007) (citing

11  *Wilson v. Layne*, 526 U.S. 603, 615 (1999)).  This ensures that "[a]n officer is not entitled to

12  qualified immunity on the grounds that the law is not clearly established every time a novel

13  method is used to inflict injury." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 796 (9th Cir.

14  2018) (citation omitted).

15       Plaintiff alleges that defendants sent him on an impossible task by requiring a document

16  proving he was never married, which defendants knew did not exist.  Compl. ¶¶ 15–16.  There is

17  a genuine dispute as to whether defendants knew the documents they required did not exist, and

18  therefore, sent plaintiff on an impossible task.  On defendants' motion for summary judgment, the

19  Court must examine the facts in the light most favorable to Salas.  *Anderson v. Liberty Lobby,*

20  *Inc.*, 477 U.S. 242, 255 (1986).  It is clearly established that using the powers of government to

21  require impossible tasks is arbitrary and unconstitutional.  *See Messina v. U.S. Citizenship &*

22  *Immigr. Servs.*, No. CIV.A. 05CV73409DT, 2006 WL 374564, at *6 (E.D. Mich. Feb. 16, 2006)

23  ("It is arbitrary and capricious to require compliance with a regulation when compliance is

24  impossible.").[2]  Since requiring an impossible task is clearly established as arbitrary, such a task

25  ──────────
[2] *See also In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 994 F.2d

26  956, 961 (1st Cir. 1993) ("The law does not require litigants to run fools' errands.  Thus, a party
who forgoes an obviously futile task will not ordinarily be held thereby to have waived

27  substantial rights."); *Franki Found. Co. v. Alger–Rau & Assocs. Inc.*, 513 F.2d 581, 587 (3d Cir.
1975) (refusing to allow waiver to be grounded in a party's dereliction of a futile task); *Northern*

28  *Heel Corp. v. Compo Indus., Inc.*, 851 F.2d 456, 461 (1st Cir. 1988) ("The law should not be

1  cannot serve a legitimate penological goal or constitutional interest.  *See Rizzo v. Dawson*, 778 F.

2  2d 527, 532 (9th Cir. 1985) (claiming that an action is arbitrary sufficiently alleges the absence of

3  any legitimate correctional goal).[3]  And only legitimate penological goals may justify burdening a

4  prisoner's constitutional right to marry.  *Turner v. Safley*, 482 U.S. 78, 95 (1987).  Therefore, pre-

5  existing caselaw clearly established that requiring the completion of an impossible task was

6  arbitrary and thus not a legitimate reason to burden a prisoner's right to marry.  Accordingly,

7  defendants are not entitled to qualified immunity on this ground.

8         Next, Cortez specifically claims that she is entitled to qualified immunity as to the

9  allegation that she refused to assist plaintiff because of his fiancée's race.  Cortez argues that

10  failing to assist plaintiff is not a constitutional violation, as, while plaintiff had a right to marry,

11  he had no right to Cortez's assistance.  Doc. 88 at 12–13; *see also Harris v. McRae*, 448 U.S. 297,

12  317–18 (1980) ("[a]lthough the liberty protected by the Due Process Clause affords protection

13  against unwarranted government interference. . ., it does not confer an entitlement to such

14  [government assistance] as may be necessary to realize all the advantages of that freedom").

15  However, it is clearly established that "even though a person has no 'right' to a valuable

16  governmental benefit and even though the government may deny him the benefit for any number

17  of reasons, there are some reasons upon which the government may not rely.  It may not deny a

18  benefit to a person on a basis that infringes his constitutionally protected interests. . . ."  *Perry v.*

19  *Sindermann*, 408 U.S. 593, 597 (1972); *see also Arizona Students' Ass'n v. Arizona Bd. of*

20  *Regents*, 824 F.3d 858, 869 (9th Cir. 2016) ("[A] state official may not retaliate against a person

21  construed idly to require parties to perform futile acts. . . ."); *United States v. Smith*, 50 F.3d 18

22  (9th Cir. 1995) ("A prosecution is fundamentally unfair if it is legally impossible for the
defendant to perform an act required by law.").

23  [3] *See also Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) (due process protects against arbitrary

24  actions curtailing prisoners' liberty); *Taituave v. California Dep't of Corr. & Rehab.*, No.
519CV01414JVSRAO, 2020 WL 6051330, at *1 (C.D. Cal. May 5, 2020) ("The arbitrary

25  rejection of plaintiff's grievance did not advance a legitimate penological goal."); *Farvela v.*
*Barth*, No. 216CV00831RFBPAL, 2018 WL 3469014, at *2 (D. Nev. July 18, 2018) ("[T]his

26  arbitrary and capricious decision cannot serve a legitimate penological purpose."); *TLC*

27  *Development, Inc. v. Town of Branford*, 855 F. Supp. 555, 558 (D. Conn. 1994) (in the context of
property, "[a] finding of arbitrariness not only establishes a due process violation but precludes a

28  defense of qualified immunity") (citation omitted).

by depriving him of a valuable government benefit . . . even if the aggrieved party has no independent or affirmative right to that government benefit . . . on a basis that infringes his constitutionally protected interests.") (citations omitted).

Given that California empowered Cortez as a government employee to assist prisoners, Cortez could not selectively deny plaintiff the benefit of that assistance solely based on a constitutionally protected interest such as his fiancée's race. *See Loving*, 388 U.S. at 11 (finding protected interest in freedom from racial classifications in marriage); *Palmore v. Sidoti*, 466 U.S. 429, 432 (1984) (government may not consider race in marriage to determine couple's rights); *Johnson v. California*, 543 U.S. 499, 507 (2005) (racial classifications in prisons must still pass strict scrutiny); *see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 n.3 (1989) ("The State may not, of course, selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause.").  Therefore, plaintiff has sufficiently alleged that Cortez's actions violated clearly established law, and Cortez is thus not entitled to qualified immunity.[4]

Accordingly,

1.    The findings and recommendations issued on September 26, 2023, Doc. 87, are adopted in full;

2.    Defendants' motion for summary judgment, Doc. 75, is granted in part and denied in part;

3.    Summary judgment is denied as to plaintiff's Fourteenth Amendment due process claim and First Amendment free exercise claim against defendants Thomas, Cortez, and Pfeiffer;

4.    Defendants motion for summary judgment is granted as to plaintiff's request for

---

[4] Plaintiff also filed a motion for oral argument on this matter, Doc. 95, a motion to expedite a ruling on the findings and recommendations, Doc. 96, and a further motion seeking a ruling on the findings and recommendations, Doc. 97.  In light of this Order, which adopts the findings and recommendations, those motions are denied as moot.  The Court recognizes plaintiff's understandable frustration with the time for resolution of this matter.  Despite the Court's diligent efforts, this matter has unfortunately experienced delays due to the impacted caseload in the Eastern District of California.

injunctive relief, including his RLUIPA claim against defendants Thomas, Cortez, and Pfeiffer in their official capacities;

5.    Plaintiff's motion to have this matter heard at oral argument, Doc. 95, and motions to expedite ruling, Docs. 96 and 97, are denied as moot; and

6.    This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   September 1, 2025

_____
UNITED STATES DISTRICT JUDGE