UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL SALAS,<br><br>Plaintiff,<br><br>v.<br><br>C. PFEIFFER, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-00669-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT AN INDEPENDENT EXPERT<br><br>(ECF No. 116) |

## I.    INTRODUCTION

Plaintiff Rafael Salas is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). This case proceeds against Defendants Thomas, Cortez, and Pfeiffer on Plaintiff's Fourteenth Amendment due process claims and his First Amendment free exercise claims. (ECF No. 98).

On January 9, 2026, Plaintiff filed a Request to Modify Scheduling Order; Request to Stay Proceedings; and Appoint an Expert. (ECF No. 116). On January 16, 2026, the Court issued an order resolving Plaintiff's request to modify the Scheduling Order and stay proceedings. (ECF No. 117).

Now before the Court is Plaintiff's motion to appoint an independent expert. (ECF No. 116). For the reasons explained below, the Court will deny this motion.

## II.    MOTION TO APPOINT AN INDEPENDENT EXPERT

Generally, Plaintiff's claims stem from his allegations that Defendants improperly processed his marriage request, which delayed him from getting married. Plaintiff asks the Court to appoint an

1

expert witness "to aid him and the jury in explaining and resolving issues involving specialized knowledge on religious practices and holy laws and institutional technical procedures and practices expertise, e.g., Jewish Rabbi Scholar and Heather MacKay Author of 'The California Prison & Parole Law Handbook' and employee at San Quentin's Prison Law Office." (*Id.* at 3).

The Court "has the discretion to appoint an expert" pursuant to Rule 706(a). *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Rule 706(a) states as follows: "On a party's motion or on its own motion, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a).

"Rule 706 should be invoked only in rare and compelling circumstances." *Monolithic Power Systems, Inc. v. O2 Micro Intern. Ltd.*, 558 F.3d 1341, 1348 (Fed. Cir. 2009). Court-appointed experts are typically used in complex litigation to assist the finder of fact. *See Walker*, 180 F.3d at 1071 (noting that the district court appointed an independent medical expert where medical testimony was not "particularly clear"); *see also Wilkins v. Barber*, 562 F.Supp.3d 943, 945 (E.D. Cal. 2021) ("[C]ourt-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand."). However, independent experts are not appointed for the purpose of advocating for one party. *See Faletogo v. Moya*, No. 12CV631 GPC WMC, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) ("Rule 706(a) of the Federal Rules of Evidence does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."); *Brooks v. Tate,* No. 1:11-CV-01503 AWI, 2013 WL 4049043, at *1 (E.D. Cal. Aug. 7, 2013) (noting that "Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses").

The Court will not appoint any independent expert. Plaintiff has not demonstrated that the Court needs to appoint an independent expert to understand the issues in this case. Plaintiff can testify as to underlying events and his alleged damages. Plaintiff does not identify any complex issues that need clarification; rather, he appears to seek expert testimony to serve as an advocate

for him, which is not a proper reason for a court-appointed expert. Moreover, the expert disclosure deadline was November 10, 2025, two months before Plaintiff filed the underlying motion requesting a court-appointed expert witness. (ECF No. 103).

## III.   CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Plaintiff's motion to appoint an independent expert is DENIED. (ECF No. 116).

IT IS SO ORDERED.

Dated:    **February 24, 2026**             /s/ _Erica P. Grosjean_
                                         UNITED STATES MAGISTRATE JUDGE

3